# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-5018
DIRECT FAX: 302-576-3457
cstover@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
   (NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

April 30, 2007

**BY ELECTRONIC FILING**

Honorable Sue L. Robinson
J. Caleb Boggs Federal Building
Room 6124
Lockbox 31
Wilmington, DE 19801

    Re:    *Syngenta Biotechnology, Inc. v. DeKalb Genetics Corp.*,
             C.A. No. 07-38-SLR

Dear Judge Robinson:

      We are providing this letter in response to Monsanto/DeKalb's (referred to as "Monsanto") letter of April 26, 2007, which submitted to the Court the recent decision of the Eastern District of Missouri in *DeKalb Genetics Corp. v. Syngenta Seeds, Inc.*, Case No. 4:06CV01191-ERW. Contrary to Monsanto's representations in its April 26th letter, this decision supports *denying* Monsanto's motion to transfer and proceeding with the above-captioned action here.

      As specifically argued in Syngenta's opposition to Monsanto's motion to transfer, Monsanto brought the Missouri action involving Syngenta's GA21 corn product without alleging the necessary facts to assert personal jurisdiction over the four Syngenta defendants who are plaintiffs in this action. This has now been explicitly *confirmed* by the Missouri Court:

> The First Amended Complaint simply lists the Defendant-Movants['] states of incorporation, and their principal places of business[;] it does not provide any additional information regarding contacts with Missouri. Since none of the Defendant-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Honorable Sue L. Robinson
April 30, 2007
Page 2

> Movants are Missouri corporations, nor do they have their principal places of business in Missouri, this information is insufficient to satisfy Plaintiff's burden of creating a prima facie case of personal jurisdiction. Plaintiff requests that if this Court finds that personal jurisdiction is lacking, that it be granted leave to amend their First Amended Complaint, to include sufficient allegations of personal jurisdiction. Since Plaintiff has requested leave to amend within the time period allowed under the Case Management Order, leave to amend is granted. Defendants may renew their motion to dismiss for lack of personal jurisdiction following amendment of the pleadings by Plaintiff.

(Monsanto 4/26/2007 Letter, Exhibit A at 12.) (footnote omitted). Based on the Missouri court's decision, there can be no reasonable question that Monsanto's initial complaint in Missouri against the Plaintiffs in this action was fundamentally flawed. As such, this Court should not accord "first-filed" status to the Missouri action. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) (stating that a "sound reason" for departing from the first-filed rule is the "absence of jurisdiction over all necessary or desirable parties"). At the very least, this Court should defer resolution of Monsanto's motion to transfer until the personal jurisdiction issues in Missouri have been finally resolved. *Enzo Biochem Inc. v. Calgene Inc.*, No. 93-110-JJF, 1993 U.S. Dist. LEXIS 19502, at *6 (D. Del. May 18, 1993) ("At a minimum, the first-field rule requires this Court to provide the California court an opportunity to make those initial determinations. . . . [U]ntil those determinations are made, the Court is persuaded that this case should be stayed.").

Furthermore, while Monsanto refers to the Missouri action as the "first" action between the parties, this is simply not accurate. As discussed in Syngenta's opposition to Monsanto's motion to transfer, the Missouri action is actually the third action in which Monsanto sued Plaintiffs (collectively referred to as "Syngenta") for patent infringement based on Syngenta's GA21 corn product. Monsanto brought the first action in this Court and the second action in the Northern District of Illinois. The Illinois action (involving the Lundquist '880 and '863 patents) was transferred to this Court and both were consolidated.

Only after losing its case on summary judgment in this Court did Monsanto commence the third action in Missouri based on a closely related Lundquist patent, U.S. Patent No. 5,554,798 ("the Lundquist '798 patent"). In Missouri, Monsanto raises the same allegedly infringing activity by Syngenta, the sale of GA21 corn, that was previously at issue in this Court. Further, the '798, '880, and '863 patents name the same inventors (Ronald Lundquist and David Walters), disclose essentially the same subject matter, and contain common claim terms that this Court previously interpreted in the context of the '880 and '863 patents. Given this Court's understanding of the complex legal and technical issues, it should clearly maintain its jurisdiction over the GA21 dispute. *See Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F. Supp. 971, 973-74 (D. Del. 1992) ("The Court's familiarity with the subject matter of the litigation will

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Honorable Sue L. Robinson
April 30, 2007
Page 3

reduce the expenditure of judicial resources in the handling of this matter. This circumstance alone is sufficient, in the Court's view, to justify departure from the first-filed rule.").

Furthermore, that the Missouri court decided not to transfer the other defendants in Missouri to this Court does not warrant a different result. According to Monsanto's own arguments, the plaintiffs in this action are not peripheral parties to the controversy between the parties, and as of right now, the Missouri court has held that Monsanto's complaint failed to allege sufficient facts to establish personal jurisdiction over these parties. The transfer of these parties to Missouri, the third-filed forum where Monsanto could not have properly brought the principal suit against them, would be manifestly unfair and contrary to the interests of justice.

Accordingly, the interests of justice strongly support having this Court maintain its jurisdiction over the GA21 corn patent litigation, and Syngenta respectfully requests that this Court deny Monsanto's motion to transfer

Sincerely,

Chad S. C. Stover

CSC:cac

cc:  David E. Moore, Esquire
     Susan Knoll, Esquire