# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5018
DIRECT FAX: (302) 576-3457

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
  (NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

August 21, 2007

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    Syngenta Biotechnology, Inc. et al. v. DeKalb Genetics Corp.,
             <u>et al., C.A. No. 07-38-SLR</u>

Dear Judge Robinson:

      Pursuant to Local Rule 7.1.2(c) and in connection with defendants' motion to transfer this action to the Eastern District of Missouri, plaintiffs submit the Missouri court's Memorandum and Order entered August 17, 2007, in *DeKalb Genetics Corp. v. Syngenta Seeds, Inc*., Case No. 4:06CV01191-ERW (attached as Ex. A), dismissing that case against the plaintiffs herein for lack of personal jurisdiction.

      Plaintiffs were among the defendants in the Missouri case brought by DeKalb on the same patent as involved here, but maintained all along that there was no personal jurisdiction over them in the Eastern District of Missouri. Accordingly, plaintiffs moved for dismissal of the case in Missouri and asserted that this Court should not transfer this action to Missouri because, *inter alia*, the Missouri court lacked personal jurisdiction over the plaintiffs. *See* Plaintiffs' Answering Brief Opposing Defendants' Motion to Transfer (D.I. 12), at 3, 10-11, 17-18 and 20; *see also* (D.I. 21).

      Plaintiffs' filed letter was in response to defendants' April 26, 2007 letter (D.I. 20) calling attention to a Missouri court decision finding DeKalb's complaint insufficient to establish personal jurisdiction over the present plaintiffs, but giving DeKalb the opportunity to amend its complaint. Defendants stated that "DEKALB intends to amend its complaint in the Missouri case to comply with the Missouri court's decision and, therefore, expects to establish personal jurisdiction over the Delaware DJ Plaintiffs in Missouri." *Id.* at 2. While DeKalb did amend its

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
August 21, 2007
Page 2

complaint, it again failed to establish personal jurisdiction, as explained by the Missouri court in its decision dismissing the plaintiffs in this case. *See* Ex. A at 6-10.

   Defendants have not alleged that this Court lacks personal jurisdiction over any of the parties or that the Court lacks subject matter jurisdiction over this action. Accordingly, plaintiffs respectfully request that the Court now deny defendants' motion to transfer to Missouri so that the plaintiffs herein can pursue their action in this court.

Respectfully,

Chad S.C. Stover (No. 4919)

CSCS:htb

cc:   Clerk of the Court (via Hand Delivery)
      Richard L. Horwitz, Esquire (via e-mail) (w/ enc.)

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORP., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV1191-ERW |
| ) | |
| SYNGENTA SEEDS, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Syngenta Biotechnology, Inc., Garwood Seed Co., Golden Seed Company, LLC, and Thorp Seed Co.'s Renewed Motion to Dismiss for lack of Personal Jurisdiction [doc. #82].

**I. PROCEDURAL HISTORY**

Plaintiff Dekalb Genetics Corp. ("Plaintiff") filed suit against Defendants Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garwood Seed Company, Golden Seed Company, L.L.C., Sommer Brothers Seed Company, Thorp Seed Company, J.C. Robinson Seeds, Inc., and Garst Seed Company (collectively "Defendants") alleging patent infringement relating to the production and sale of GA21 corn seed. Defendants immediately filed a motion to transfer to the districto f Delaware. This Court denied Defendants' Motion to transfer on the basis that the Delaware court lacked personal jurisdiction over J.C. Robinson Seeds, Inc. ("J.C."). Following this Court's order denying transfer, Defendants filed a motion to sever Plaintiff's claims againstJ .C., and to transfer the remaining claims to the district of Delaware. Defendants Syngenta Biotechnology, Inc. ("Syngenta Biotech"), Garwood Seed Co.

1

("Garwood"), Golden Seed Company, L.L.C. ("Golden Seed"), and Thorp Seed Co. ("Thorp") filed a Motion to Dismiss for lack of Personal Jurisdiction, and Defendants Garst Seed Company ("Garst"), Syngenta Seeds, Inc. ("Syngenta Seeds"), Golden HarvestSeed s Inc. ("Golden Harvest"), and Sommer Brothers Seed Company ("Sommer") filed a Motion to File First Amended Answer and Counterclaims. In an order dated April 24, 2007, this Court denied Defendants Syngenta Biotech, Garwood, Golden Seed, and Thorp's Motion to Dismiss, and further granted Plaintiff permission to file a second amended complainti n order to remedy the failure to assert personal jurisdiction over all named Defendants. The order also denied Defendants' Motion to Sever the claim against DefendantJ .C. and transfer the remaining claim to the districto f Delaware, and granted Defendants Garst, Syngenta Seeds, Golden Harvest, and Sommer's Motion to File First Amended Answer. Plaintiff filed a Second Amended Complaint in accordance with this Court's order, and Defendants Syngenta Biotech, Garwood, Golden Seed, and Thorp have renewed their Motion to Dismiss for lack of personal jurisdiction. The Courtw ill now address that motion.

## II. LEGAL STANDARD[1]

Federal Rule of Civil Procedure 12(b)(2) allows a party to file a motion to dismiss for "lack of jurisdiction of the person." Fed. R. Civ. P. 12(b)(2). In order for a Court to exercise jurisdiction over a defendant, two requirements must be met: 1) jurisdiction must be allowed in accordance with the Missouri long-arm statute; and 2) the reach of the long-arm statute must comport with due process. *Pennington Seed,Inc . v. Produce Exchange No. 299*, 457 F.3d 1334, 1343-1344 (Fed. Cir. 2006). These two requirements essentially collapse into the later, as

---

[1]The Court's statement of the legal standard incorporates Federal Circuit law on the question of personal jurisdiction. As discussed later in the opinion, personal jurisdiction in a patentca se is governed by Federal Circuit law, not Eighth Circuit law.

Missouri interprets its long-arm statute in accordance witht he limits permitted under the due process clause. *See Enterprise Rent-A-Car Co. v. U-Haul International Inc.*, 327 F.Supp.2d 1032, 1036 (E.D.Mo. 2004); *See also State ex rel K-Mart Corp. v. Holliger*, 986 S.W.2d 165, 168 (Mo. 1999). The Supreme Court, in the landmark decision of *International Shoe*, held that "due process requires only thati n order to subject a defendantt o a judgmenti n personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suitd oes not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State ofW ashington*, 326 U.S. 310, 316 (1945). The definition of minimum contacts depends on whether personal jurisdiction is general or specific. General jurisdiction exists where the defendant has continuous and systematic general business contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984). The notion of fair play, in the case of specific jurisdiction, "is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citation omitted).

## III. DISCUSSION

Defendants Syngenta Biotech, Garwood, Golden Seed, and Thorp (collectively "Defendant Movants") assert thatt his Court lacks personal jurisdiction over them, and therefore the action must be dismissed againstt hose named Defendants. Plaintiff disputes Defendant Movants assertions, arguing that under Eighth Circuit jurisprudence, this Court may assert jurisdiction over the Defendant Movants because of their symbiotic relationship with Syngenta Seeds, and Golden Harvest, two other named Defendants. There are two distincti ssues that are raised in the parties' briefing. First,t he Court must determine whether Eighth Circuit precedenti s

controlling, or whether because the case is a patent ca se, the Court must l ook to Federal Circuit precedent. Once the Court has determined the controlling jurisprudence, the Court m ust determine whether the Defendant Movants can appropriately be subjected to this Court's jurisdiction.

### A. Controlling Law

The parties disagree over whether Federal or Eighth Circuit precedent is controlling in determining this Court's exercise of jurisdiction. Defendant Movants assert that the general rule is that F ederal Circuit law controls the question of personal jurisdiction in patent ca ses. While Plaintiff appears to acknowledge this general rule, they assert t hat t he Eighth Circuit law is controlling in the case at bar, because of the intertwined relationship between the respective corporations which requires the Court to look to the law of the state to determine the nature of those relationships.

The Federal Circuit h as clearly held that" we apply the law of the Federal Circuit, rather than that o f the regional circuit i n which the case arose, when we determine whether the district court properly declined to exercise personal jurisdiction over an out-of-state accused infringer." *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). As a general rule, the Federal Circuit applies the law of the circuit w here the case arose to procedural matters that are not unique to patent l aw. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994) (Applying Fourth Circuit l aw to "procedural matters that are not unique to patent law."). However, the court in *Beverly Hills Fan Co.*, held that "the due process issue . . . is a critical determinant of whether and in what forum a patentee can seek redress for infringement of rights." *Id.* Therefore, the court h eld that i n order to comply with the federal mandate of achieving national uniformity in the field of patent law, it is necessary to apply uniform Federal Circuit law

4

to the question of personal jurisdiction. *Id.* ("The application of an assumed Fourth Circuit law, or for that matter, the law of any particular circuit, would thus not promote our mandate of achieving national uniformity in the field of patent law."). The case at bar is a patent case, and therefore the question of whether the Court may assert personal jurisdiction over the Defendant Movants is governed by Federal Circuit law.[2]

Plaintiff urges the Court to look to the Eighth Circuit case of *Anderson v. Dassault Aviation*, to determine the question of personal jurisdiction. 361 F.3d 449 (8th Cir. 2004). Plaintiff does not allege that the Court should pierce the corporate veil in order to hold Syngenta Seeds and Golden Harvest Seed liable for the actions of the Defendant Movants, but rather seeks to subject the Defendant Movants to jurisdiction based upon their intertwined business relations, and points to *Anderson* in support of this theory.[3] However, as clearly stated above, the question of personal jurisdiction is controlled by Federal Circuit law and not Eighth Circuit law, in order to guarantee uniformity in patent cases. *Beverly Hills Fan Co.*, 21 F.3d at 1564. Therefore, *Anderson* is not binding upon this Court in a patent suit, to the extent that it is instructive, as with any circuit law from a sister circuit, the Court will weigh it accordingly; however, to the extent that it is contrary to Federal Circuit law, the Court is bound to apply the Federal Circuit precedent.

---

[2] The Court reached the same conclusion in addressing Defendants' Motion to Transfer to the District of Delaware, which was denied due to that District's lack of Personal Jurisdiction over Defendant J.C.

[3] Unlike due process, "questions of business entity are controlled by law of the jurisdiction where organization is executed." *Cognex Corp. v. Vcode Holdings, Inc.*, 2006 WL 3043129, at *9 (D.Minn. Oct. 24, 2006). Defendants Garwood, Golden Seed and Thorp are incorporated in Illinois, and therefore would be subject to Illinois corporation law, and Syngenta Biotech is incorporated in Delaware, and would be subject to Delaware corporation law. However, as Plaintiff is not challenging the Defendant Movants corporate structure, Federal Circuit law is controlling.

5

### B. Personal Jurisdiction

This Court ruled in its previous order, that the Plaintiff had failed to allege sufficient facts to support a prima facie showing of personal jurisdiction over the Defendant Movants in the Eastern District of Missouri.[4] In its amended complaint, the Plaintiff has supplemented its jurisdictional allegations by specifically stating the extensive relationship between the Defendant Movants and the other named Defendants. Even assuming that all the allegations in the Complaint are correct, there is insufficient contacts to support this Court's assertion of jurisdiction over the Defendant Movants. Therefore, it is unnecessary to conduct an evidentiary hearing.

The first requirement that must be satisfied in order for this Court to assert jurisdiction over the Defendant Movants, is that jurisdiction must be permitted under Missouri's long-arm statute. *Pennington Seed, Inc.*, 457 F.3d at 1343-1344. However, as "Missouri's long-arm statute extends to the bounds of the due process clause, [the] inquiry reduces to a due process analysis." *Id.* at 1344. In determining whether the due process clause is satisfied, the Court looks at the Defendant Movants' minimum contacts with the state of Missouri. "A Court's consideration of minimum contacts generally involves three inquiries: 'whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair.'" *Id.* (citing *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)). However, it is unnecessary to make these three inquires regarding each

---

[4]The only allegations in Plaintiff's First Amended Complaint, regarding personal jurisdiction, listed the Defendants states of incorporation, and locations of their principal places of business. The Court held that this information alone was insufficient to show personal jurisdiction in Missouri.

DefendantM ovant,a s all of the contacts with Missouri, alleged by Plaintiff,re late only to Golden Harvesta nd Syngenta Seeds. The question the Court must answer is whether Golden Harvest and Syngenta Seeds' contacts with Missouri are sufficient to support jurisdiction over the DefendantM ovants.

The facts alleged by Plaintiff in its Second Amended Complaint clearly show a relationship between the DefendantM ovants and the other named Defendants; indeed, this is clear, simply from observing the names of the respective companies.[5] Defendants Garwood, Golden Seed, and Thorp, are corporations, having an ownership and financial interesti n the umbrella corporation of Golden Harvest,[6] also a named Defendant. Plaintiff refers to Garwood, Golden Seed, Thorp, Sommer, and J.C., the five companies that have ownership and financial interests in Golden Harvest, as the legacy companies. Specifically, Plaintiff asserts thatt he legacy companies cooperate extensively regarding brand management, advertising, research, product testing, and product planning, through Golden Harvest. Plaintiff further asserts that the unified efforts of Golden Harvest are intended to create a consolidated image and a united national brand. The legacy companies all markett heir products under the Golden Harvest brand name, which maintains a products website. Furthermore, Golden Harvest has sales representatives throughout various states, including Missouri. Plaintiff also alleges that Golden Harvesto perates a common advertising campaign, and that the legacy companies have common officers and directors.

Plaintiff similarly alleges facts which show a "symbiotic relationship" between Syngenta Biotech and Syngenta Seeds. *Pl.Second Amend. Compl.*, ¶23. Specifically, Plaintiff alleges that

---

[5]On the question of personal jurisdiction, the Courta ssumes thata ll allegations in Plaintiff's Second Amended Complaint are true.

[6]Defendants Sommer and J.C. are also have a ownership and financial interest in Golden Harvest, but are not challenging personal jurisdiction in Missouri.

Syngenta Biotech and Syngenta Seeds collaborated regrading GA21 corn. Plaintiff further alleges that both companies possess documents and other discoverable information regarding Syngenta Seeds' manufacture and sale of GA21 corn.

Plaintiff must allege facts that show the DefendantM ovants purposely availed themselves of the laws of Missouri regarding the sale, manufacture, or distribution of GA21 corn. *Burger King Corp.*, 471 U.S. at 472. All the facts alleged by Plaintiff, in the jurisdiction section of its complaint,re late to the Defendant Movants relationships with Defendants Golden Harvest and Syngenta Seeds. However, Defendant Movants have chosen to conduct their business enterprises through separate corporate entities, and this corporate form serves to protect the legacy companies and Syngenta Biotech from suit in Missouri based solely on Golden Harvest and Syngenta Seeds' minimum contacts with Missouri.[7]

Plaintiff's allegations against the Defendant Movants are attempting to show that there was a "symbiotic relationship" between the named defendants. However, even under the *Anderson* test proposed by Plaintiff, this is insufficient to provide the minimum contacts thatt he due process clause requires. 361 F.3d at451 (The court held that "Dassault Aviation [the foreign corporation] ha[d] sufficientc ontacts with Arkansas to subject it to personal jurisdiction there consistent with due process."). "[P]ersonal jurisdiction can be based on the activities of [a] nonresidentc orporation's in state subsidiary, *but* only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 649 (8th Cir.2003) (emphasis added); *see*

---

[7]Unless the Plaintiff is able to allege facts sufficient to pierce the corporate veil. itca nnot prevail. However, as previously noted, Plaintiff is not seeking to proceed under this theory.

*also Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (Holding thatper sonal jurisdiction is proper over a parent corporation where it is shown that the subsidiary is the alter ego of the parent.). While the court in *Epps* recognizes thato ne corporation may subject itself to the jurisdiction of a state through the actions of another corporation which acts on its behalf, the court specifically states "a court's assertion of jurisdiction is contingent upon the ability of the plaintiffs to pierce the corporate veil." *Id.* The Supreme Court as held that where the "corporate separation, though perhaps merely formal, was real," iti s to be respected. *Canon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925). This is true, even when the separate corporate form is adopted "solely to secure the defendants ome advantage under the local laws." *Id.* at 336; *see also Topp v. Compair Incorporated*, 814 F.2d 830, 836 (1st Cir. 1987) ("[T]he case law strongly shows that where the corporate separation between a parent and subsidiary, though perhaps merely formal, is real and carefully maintained, the separate place of business of the subsidiary is recognized in determining jurisdiction, even though the parent corporation exerts a high degree of control through ownership or otherwise." (internal quotation omitted)).

In the case at bar, although Golden Harvest is not a wholly owned subsidiary, the analysis is equally applicable. The legacy companies chose to do business through the corporation Golden Harvest, and Plaintiff has presented no evidence to support this Court's disregarding the corporate structure adopted by the legacy companies. The level of interaction shown between the legacy companies and Golden Harvest, is not sufficient to show that the former had minimum contacts with the state of Missouri. Therefore Garwood, Golden Seed, and Thorp are not subject to the jurisdiction of this Court.

Plaintiff presents an even less compelling case to support personal jurisdiction over Syngenta Biotech than the legacy companies. Plaintiff alleges that Defendant Syngenta Biotech collaborates with Syngenta Seeds, thatt here are common documents between the companies,a nd that their employees have worked together on GA21 corn. However, Plaintiff again makes no allegations thatt he corporate form should be disregarded,a nd that the actions of Syngenta Seeds should be imputed to Syngenta Biotech. Plaintiff musta llege facts that show Syngenta Biotech has the requisite minimum contacts with Missouri, to be subject to suit in this jurisdiction. Plaintiff has not done so, and therefore Defendant Syngenta Biotech is not properly before this Court.

## IV. CONCLUSION

The Court concludes that while there is clearly interaction and collaboration between the DefendantM ovants and the other named Defendants, this alone is insufficientt o subject the DefendantM ovants to the jurisdiction of this Court. Each individual Defendant must have sufficient minimum contacts with the state of Missouri in order for this Court to conclude that it has purposely availed itself of the jurisdiction. This cannot be said of Defendants Syngenta Biotech, Garwood, Golden Seed, and Thorp. Syngenta Biotech's collaboration partner, Syngenta Seeds, availed itself of the state of Missouri, but this alone is insufficient to satisfy the requirement. The same is true of Garwood, Golden Seed, and Thorp, who's collaboration in the form of Golden Harvest, availed itself of the state of Missouri. The corporate form is to be respected, and withouta llegations sufficient to pierce the corporate veil, there can be no personal jurisdiction over the Defendant Movants in this Court. Therefore, the Defendant Movants' Motion to Dismiss is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Syngenta Biotechnology Inc., Garwood Seed Co., Golden Seed Company, L.L.C., and Thorp Seed Co.' s Renewed Motion to Dismiss for lack of Personal Jurisdiction [doc. #82] is **GRANTED**.

Dated this 17th Day of August, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE