

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

August 23, 2007

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE  19801

      Re:    Syngenta Biotechnology, Inc., et al. v. DEKALB Genetics Corp., et al.,
             C.A. No. 07-38-SLR

Dear Judge Robinson:

      Defendants DEKALB and Monsanto submit this letter to address plaintiffs' August 21, 2007 letter to the Court regarding the order recently entered by the District Court for the Eastern District of Missouri, dismissing from that case the plaintiffs herein for lack of personal jurisdiction.

      To bring the Court up to date on the current status of the Eastern District of Missouri case, DEKALB and Monsanto provide the Amended Case Management Order currently in place in that case (attached as Exhibit 1). Just last week, on August 15, the Missouri court held a five hour *Markman* hearing regarding all of the disputed claim terms. Fact discovery closes on October 16, to be followed by expert discovery and summary judgment motions. Trial is scheduled for July 7, 2008.

      At the end of their letter, plaintiffs assert that this Court should now deny DEKALB and Monsanto's pending motion to transfer this case to the Eastern District of Missouri or to dismiss this action. DEKALB and Monsanto disagree and respectfully submit that this Court should now transfer the case to the Eastern District of Missouri. In addition to the advanced stage of the Missouri case, the Court should order transfer because: (1) the declaratory judgment action pending here and the Eastern District of Missouri case both involve infringement of DEKALB's '798 patent by the same glyphosate resistant corn products; (2) the Eastern District of Missouri case was the first filed case (it was filed on August 9, 2006, whereas this declaratory judgment action was not filed by plaintiffs until January 19, 2007); (3) this declaratory judgment action could have been brought in the Eastern District of Missouri because defendants Monsanto and

The Honorable Sue L. Robinson
August 23, 2007
Page 2

DEKALB both reside there; and (4) plaintiffs here and defendants in the Eastern District of Missouri are all closely related Syngenta entities. Transfer is in the interest of justice so that all parties will be before the same court and to avoid inconsistent rulings that could result when two cases are pending involving the same patent and the same infringing products. *See Time Warner Cable, Inc. v. GPNE Corp.*, 2007 WL 2070237 (D. Del. 2007).

      Accordingly, DEKALB and Monsanto respectfully request the Court to transfer this declaratory judgment action to the Eastern District of Missouri.

                              Respectfully,

                              */s/ Richard L. Horwitz*

                              Richard L. Horwitz

RLH:nmt/814734/31144
Enclosure
cc:    Clerk of the Court (via hand delivery)(w/ encl.)
       Counsel of Record (via email)(w/encl.)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01191 ERW |
| ) | |
| SYNGENTA SEEDS, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

**AMENDED CASE MANAGEMENT ORDER - TRACK 3: COMPLEX**

This matter comes before the Court on Defendants' Motion to Amend Case Management Order [doc. #113]. After arguments of counsel on this date, Defendants' Motion is GRANTED, in part.

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

I.   **SCHEDULING PLAN**

1.   This case has been assigned to Track 3 (Complex).

2.   The parties shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **November 28, 2007**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 28, 2008**. The parties shall disclose all rebuttal expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **December 31, 2007**, and shall make rebuttal expert witnesses available for depositions, and have depositions completed, no later than **January 28, 2008**.

3.   The parties are permitted twenty (20) depositions per side, thirty-five (35) interrogatories per party, and a maximum of seventy-five (75) requests for admission per party.

4.   Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P., are not anticipated.

5.   The parties shall complete all fact discovery in this case no later than **October 16, 2007** and shall complete all expert discovery no later than **January 28, 2008**.

6. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

7. This case shall be referred to alternative dispute resolution on **December 3, 2007**, and that reference shall terminate on **March 3, 2008**.

8. Claim Construction

    (a) A Claim Construction Hearing will be held on **August 15, 2007**, at **8:30 a.m.** Each party shall be limited to a total of 2.5 hours for presentation of that party's position.

9. Any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **February 29, 2008**. Briefs in opposition shall be filed within twenty (20) days and any reply briefs shall be filed within five (5) days.

10. The final Pretrial Conference will be held on **June 27, 2008**, at **9:30 a.m.** This conference will be held in the chambers of Judge E. Richard Webber.

**II.   ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **July 7, 2008**, at **8:30 a.m.** in Courtroom 12 South of the U.S. District Courthouse. This is a **three** week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. Stipulation: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. Witnesses:

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.  Exhibits:

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs shall mark exhibits P-1, P-2, P-3, etc. Defendants shall mark exhibits D-1, D-2, D-3, etc.) and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) All written exhibits, exceeding one page, in documentary form to be offered in evidence that will be shown to the jury must be accompanied by an exact duplicate for each juror. (This does not apply to exhibits shown electronically.) No exhibit shall be shown to the jury in opening statements or at any other time until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury.

(d) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **at least fifteen (15) days prior to trial** may be considered waived.

4.  Depositions, Interrogatory Answers, and Request for Admissions:

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. **At least fifteen (15) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5.  Instructions:

(a) Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fifteen (15) days before trial** in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

    (b) Eighth Circuit Jury Instructions <u>will</u> be used in all cases if available. If instructions from any other source are proffered, they must be accompanied by case authority.

    (c) Parties shall submit a "clean" copy and a "dirty" copy of each instruction proffered. A "clean" copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

  **6.** <u>Trial Brief</u>: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

  **7.** <u>Motions In Limine</u>: File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, **at least fifteen (15) days before trial.**

Failure to comply with any part of this order may result in the imposition of sanctions.

Dated this 30th day of July, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE