IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SYNGENTA BIOTECHNOLOGY, INC. )
GARWOOD SEED CO., )
GOLDEN SEED COMPANY, L.L.C. and )
THORP SEED CO., )
 )
    Plaintiffs, )
 )
v. ) Civ. No. 07-038-SLR
 )
DEKALB GENETICS CORPORATION )
and MONSANTO COMPANY, )
 )
    Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 10th day of September, 2007, having reviewed defendants' motion to transfer and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 7) is granted, for the reasons that follow:

1. **Standard of Review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998).

2. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors

the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

    3. The deference afforded plaintiff's choice of forum will apply so long as plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

    4. **Analysis.** Defendants filed a patent infringement case against some or all of the plaintiffs at bar in the Eastern District of Missouri on August 9, 2006 (Monsanto v. Syngenta, Civ. No. 4:06CV01191-ERW (E.D. Mo.)) ("the Missouri litigation"). The instant declaratory judgment action was not filed by plaintiffs at bar until January 19, 2007. This court generally honors the first-filed rule, which directs that a later-filed case be stayed or transferred to the court in which the first case was filed. E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971-977 (3d Cir. 1988).

    5. Plaintiff argues that several factors militate against following the first-filed rule

instantly. First, the Eastern District of Missouri does not have personal jurisdiction over all of the plaintiffs at bar (who are the defendants in the Missouri litigation). (D.I. 24, ex. A) Second, this court has experience with plaintiffs' GA 21 corn product. In this regard, the court granted summary judgment in favor of Syngenta Seeds, Inc. and Syngenta Biotechnology (and others) against Monsanto Company (and others) in <u>Monsanto v. Syngenta</u>, Civ. No. 04-305-SLR (D. Del.), which judgment is on appeal to the Federal Circuit (Civ. No. 04-305-SLR, D.I. 375, 376, 411, 414) ("the first Delaware action").[1]

6. Although plaintiffs have identified appropriate and persuasive reasons for keeping the instant litigation here in Delaware, it is a waste of scarce judicial resources (if not unseemly) for two district courts to be working on essentially the same case at the same time. Especially in light of this court's general respect for a plaintiff's choice of forum, the court declines to maintain the instant litigation in Delaware.

IT IS FURTHER ORDERED that the Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Missouri.

_____
United States District Judge

---

[1] Indeed, the patents at issue in the Missouri litigation, the first Delaware action, and the instant litigation are related, sharing almost identical specifications and portions of the same prosecution history. To the extent, if at all, the Federal Circuit's decision in the first Delaware action is relevant to issues in the instant litigation, so too will the Missouri litigation be affected.